IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| Jody Blackmoon,<br>Terry Hodgkiss, and<br>William Lefthand, Jr.<br><br>    Plaintiffs,<br><br>vs.<br><br>The United States Department of Justice;<br>The United States of America;<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____<br><br><br>**COMPLAINT** |

¶1 Plaintiffs for their Complaint state:

### I. PARTIES

¶2 Jody Blackmoon is a resident of Sioux County, North Dakota and is an enrolled member of the Standing Rock Sioux Tribe.

¶3 Terry Hodgkiss is a resident of Sioux County, North Dakota. Terry is the son and heir of Arlene Hodgkiss. Arlene Hodgkiss was an enrolled member of the Standing Rock Sioux Tribe.

¶4 William Lefthand, Jr. is a resident of Sioux County, North Dakota. William Lefthand, Jr. is the son and heir of William Lefthand, Sr. William Lefthand, Sr. was an enrolled member of the Standing Rock Sioux Tribe.

¶5 Matthew Wood is a resident of Sioux County, North Dakota. Mr. Wood is an enrolled member of the Standing Rock Sioux Tribe.

¶6 The United States Department of Justice (DOJ) is an agency of the United States of America. It is responsible for prosecuting serious criminal cases in Indian Country.

¶7 The Standing Rock Indian Reservation is in Indian Country.

## II.   JURISDICTION AND VENUE

¶8   Federal jurisdiction exists pursuant to 5 U.S.C. § 552(a)(4)B.

¶9   Venue in the Western District of North Dakota is proper pursuant to 5 U.S.C. § 552(a)(4)B because the Plaintiffs reside in the District and the DOJ records are in the District.

## III.   FACTUAL BACKGROUND

¶10   Club Diamond Z, Inc. is a North Dakota Corporation with its principal place of business in Sioux County, North Dakota.  Club Diamond Z, Inc. does business as Diamond Z Bar and Grill.  The Diamond Z Bar and Grill is located within the Standing Rock Indian Reservation.  The Standing Rock Indian Reservation is in Sioux County and is in Indian Country.

¶11   On September 24, 2019, the Diamond Z Bar and Grill knowingly served alcoholic beverages to an obviously intoxicated Matthew Wood.

¶12   Upon leaving the Diamond Z Bar and Grill, Matthew Wood drove north on Highway 24 in Sioux County, North Dakota.

¶13   As he was driving upon the highway, an obviously intoxicated Matthew Wood crossed the center line and entered the on-coming lane causing a crash which killed Arlene Hodgkiss, and Williams Lefthand, Sr. and seriously injured Jody Blackmoon.

¶14   On November 6, 2019, Matthew Wood was indicted in federal court for two (2) counts of Involuntary Manslaughter and one (1) count of Assault Resulting in Serious Bodily Injury. See U.S. v. Matthew Wood, 1:19-cr-00212-DMT.

¶15   On June 15, 2020, a civil lawsuit was filed by the Plaintiffs in State Court in Sioux County, North Dakota.  See Jody Blackmoon, Terry Hodgkiss, and William Lefthand, Jr. v.

<u>Club Diamond Z, Inc. d/b/a Diamond Z Bar and Grill</u>, Case No. 43-2020-CV-00011 (Sioux County).

¶16    On December 3, 2020, Matthew Wood plead guilty to two (2) counts of Involuntary Manslaughter and one (1) count of Assault Resulting in Serious Bodily Injury.  See <u>U.S. v. Matthew Wood,</u> 1:19-cr-00212-DMT, Doc. # 42  .

¶17    On April 12, 2021, Matthew Wood was sentenced to 60 months in prison.  See <u>U.S. v. Matthew Wood</u>, 1:19-cr-00212-DMT, Doc. # 63.

¶18    There has been no appeal of the criminal judgment.  The federal criminal case is now closed.

¶19    The Plaintiffs have made several requests to obtain the video surveillance from the Diamond Z Bar & Grill and other evidence from the U.S. Attorney's Office for the District of North Dakota.  The U.S. Attorney's Office has refused to produce this evidence.

¶20    In the State civil action, the Plaintiffs have submitted Discovery Requests upon the Diamond Z Bar & Grill and Matthew Wood as allowed by the North Dakota Rules of Civil Procedure.

¶21    The Diamond Z Bar & Grill claims they do not have the evidence.

¶22    Matthew Wood has objected to the production of the evidence because a Stipulated Discovery Order and Protective Order prevents him from producing the evidence.  <u>U.S. v. Matthew Wood</u>, 1:19-cr-00212-DMT, Document 26.

¶23    On July 7, 2021, the U.S. Department of Justice for the final time, denied the Plaintiffs' legitimate request for this evidence.

¶24    Pursuant to 5 U.S.C. § 552(a)(4)(B), the Plaintiffs were forced to commence this litigation.

## IV.    CLAIMS FOR RELIEF

### A.    CLAIM NO. 1 – ORDER TO COMPEL

¶25   Plaintiffs for their First Claim for Relief re-allege each and every preceding paragraph.

¶26   The Plaintiffs have repeatedly sought to obtain critical evidence from the closed criminal file in the U.S. Attorney's Office.

¶27   The U.S. Attorney's Office has refused to produce any evidence obtained during the course of the criminal investigation and prosecution of this incident.

¶28   The Plaintiffs have no other means of obtaining the evidence.

¶29   Plaintiffs request the U.S. Department of Justice and/or the U.S. Attorney's Office for the District of North Dakota be ordered to produce all of evidence obtained in the investigation and prosecution of the case entitled U.S. v. Matthew Wood, 1:19-cr-00212-DMT.

### B.    CLAIM NO. 2 – ORDER TO VACATE

¶30   For their Second Claim for Relief, Plaintiffs re-allege each and every proceeding paragraph.

¶31   Plaintiffs have been informed that if the Stipulated Discovery Order and Protective Order, U.S. v. Matthew Wood, 1:19-cr-00212-DMT, Document 26, is vacated, Defendant Matthew Wood will comply with the discovery requirements of the North Dakota Rules of Civil Procedure.

¶32   Alternatively, the Plaintiffs move the Court to vacate the Stipulated Discovery Order and Protective Order signed by Mr. Wood's defense counsel Michael Hoffman and enjoin the U.S. Department of Justice from enforcing that Order.

### C.   CLAIM NO. 3 – ATTORNEY FEES AND COSTS

¶33   Plaintiffs for their Third Claim for Relief re-allege each and every preceding paragraph.

¶34   The Plaintiffs have made several requests of the U.S. Attorney Office for a copy of the evidence contained in a closed criminal file.

¶35   The Plaintiffs made legitimate and standard discovery requests of this evidence from Defendant Matthew Wood in the civil action filed in state court.

¶36   Mr. Wood raised the prohibitions contained in the Stipulated Discovery Order and Protective Order as grounds for failing to comply with the Plaintiffs' Discovery Requests in the state civil case.

¶37   Closed criminal files are public records under North Dakota state law and are readily made available to civil litigants by state and local officials.

¶38   The Plaintiffs as enrolled members of the Standing Rock Sioux Tribe have been harmed and prejudiced by the practices and policies of the DOJ.

¶39   Federal law provides for reasonable attorney fees and litigation costs under these circumstances.

¶40   WHEREFORE, the Plaintiffs pray for the following relief;

  (1)   An order requiring U.S. Department of Justice to produce the requested information;

  (2)   An order vacating the Stipulated Discover Order and Protective Order and enjoining U.S. Department of Justice from enforcing the Protective Order signed by Defense Counsel in the case entitled U.S. v. Matthew Wood 1:19-cr-00212-DMT;

  (3)   The Plaintiffs' attorney's fees and litigation costs.

Dated this __18__ day of __August__, 2021.

/s/ Dick[signature]

**THOMAS A. DICKSON (ND BAR ID# 03800)**
<u>tdickson@dicksonlaw.com</u>
DICKSON LAW OFFICE
P.O. Box 1896
Bismarck, ND 58502-1896
(701) 222-4400

Attorney for Plaintiffs